UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-305-H

JASON AND KRISTIN HUMPHREY, et al.                    PLAINTIFFS

V.

KIM SAPP, et al.                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case is on remand from the Sixth Circuit Court of Appeals which ruled, contrary to this Court's previous ruling, that Defendant Kim Sapp, was not entitled to the absolute prosecutorial immunity of a social worker to the extent she acted as a complaining witness. *See Humphrey v. Sapp*, 462 F. App'x. 528 (6th Cir. 2012). Because this Court found Sapp to be absolutely immune from suit, it did not have the occasion to address the issue of qualified immunity, which is the focus of the current motion.

This Court dismissed all of Plaintiffs' other federal claims, and Plaintiffs did not appeal those rulings. The Court also dismissed Plaintiffs' state law claims without prejudice. Plaintiffs then refiled those same claims in Jefferson Circuit Court. During the pendency of the federal appeal, the Jefferson Circuit Court made certain factual and legal findings that resulted in dismissal of those claims. *See* Jefferson Circuit Court Opinion and Order, ECF Doc. 42-7. Subsequently, the Kentucky Court of Appeals affirmed those rulings. *See Humphrey v. Sapp*, 2013 WL 95575 (Ky. Ct. App. Jan. 13, 2012).

Because the Sixth Circuit reversed this Court's decision as to absolute immunity, the federal claim based upon Plaintiffs' assertion that Sapp lied or fabricated evidence in her affidavits to the

Hardin County Family Court is resurrected and is the only remaining claim.[1]  Plaintiffs argue that Sapp's conduct constitutes a Fourth and Fourteenth Amendment violation redressable under § 1983.  Sapp has now renewed her motion for dismissal on a variety of grounds, including various claims of immunity, estoppel and failure to state a proper constitutional claim.  The Court will address each argument as necessary.

I.

Public officials are entitled to qualified immunity in a § 1983 case where (1) there is no violation of a constitutional right, or (2) the right at issue was not clearly established at the time of the alleged misconduct.  *Grawey v. Drury*, 567 F.3d 302, 309 (6th Cir. 2009).  Here, Plaintiffs allege that Sapp's fabricated affidavit violated their Fourth and Fourteenth Amendment rights.[2]  Specifically, Plaintiffs assert that Sapp acted improperly in referencing shaken baby syndrome in her affidavit to the Hardin County Family Court in support of a temporary removal order, when she had in fact received information the day before that a retinal exam essentially ruled out shaken baby syndrome.  These actions, Plaintiffs maintain, amount to an unreasonable search and seizure as the child was then removed from the parents' home pursuant to court order.  For Plaintiffs to satisfy the

---

[1] Plaintiffs now appear to assert a new allegation that Sapp withheld exculpatory evidence in violation of their constitutional rights that is distinct from their allegation that Sapp made false statements of fact in her affidavit supporting a Juvenile Dependency, Neglect and Abuse Petition.  However, throughout the pendency of this litigation, this Court, the Sixth Circuit and the parties, have treated the actions as one in the same: an alleged "fabrication." *See* Complaint, ECF No. 1, at ¶ 15 (alleging that "agents of the Commonwealth were making misleading statements of fact about Jason Humphrey").  For instance, the Sixth Circuit framed the issue as this: the "Humphreys argue that Sapp ignored evidence that M.H.'s injuries were accidental, and that Sapp deliberately withheld evidence of M.H.'s retinal exam, which they assert 'ruled out' shaken baby syndrome as a cause of injury.  This, the Humphreys assert, constituted the 'fabrication' of evidence by Sapp." *Humphrey v. Sapp*, 462 F. App'x. at 532.

[2] This Court previously dismissed Plaintiffs' Fifth and Fourteenth Amendment claim that they were deprived of property without due process of the law.  Accordingly, per the Complaint, the remaining claim against Sapp is that her conduct amounted "to an unreasonable search and seizure and/or search and seizure without probable cause within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 of the United States Code § 1983." Complaint, ECF No. 1, at ¶ 27.

constitutional violation element of a § 1983 claim based on alleged misrepresentation, Plaintiffs must establish that (1) Sapp stated a material intentional or deliberate falsehood or with reckless disregard for the truth, and (2) the allegedly false information was material in finding probable cause. *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003).

A newly emerging difficulty with Plaintiffs' remaining claim undercuts both requirements. During the interim of the Sixth Circuit appeal, state court proceedings resolved one important factual issue: Sapp's statements did not amount to fabricated evidence and were not false.[3] If taken as binding, the state courts' opinions dictate a finding that Sapp's affidavit did not amount to deliberate falsehoods.

With respect to the second requirement to sustain a misrepresentation claim, Sapp's comment as to "shaken baby syndrome" was not material to the Hardin County Family Court determination of probable cause. The Temporary Custody Order is devoid of any mention of "shaken baby syndrome." Sapp's truthful conveyance of Dr. Currie's opinion that the injuries were "inconsistent with accidental means"[4] and the Humphrey's stipulation as to probable cause provided sufficient evidence of probable cause to issue the Temporary Custody Order.

If the state court findings do bind the parties, then the issue of qualified immunity can be summarily resolved since Plaintiffs cannot establish the existence of a constitutional violation.

II.

The Full Faith and Credit Act, 28 U.S.C. § 1738, mandates that federal courts "give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel,*

---

[3] Specifically, the Kentucky Court of Appeals held that "a careful review of the record reveals no . . . fabrication." *Humphrey v. Sapp*, 2013 WL 95575, at *5.

[4] The Findings of Fact/Conclusions of Law portion of the Temporary Custody Order states "Child, MH, sustained a 1 cm fracture of the skull. Dr. Curry with U of L Forensics cited that child's injuries were not consistent with accident means." Temporary Custody Order, ECF Doc. 11-3.

3

*Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986); *see also, Abbott v. Michigan,* 474 F.3d 324, 330 (6th Cir. 2007). Kentucky courts recognize two preclusion doctrines under the general heading of *res judicata*: claim preclusion and issue preclusion. *Yeoman v. Com., Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998). For issue preclusion to apply, one must show that (1) the issue in the second case is the same as the issue in the first case; (2) the issue must be actually litigated; (3) the issue must actually be decided in the first litigation; and (4) the issue must have been necessary for the court's judgment. *Yeoman*, 983 S.W.2d at 465.

Issue preclusion applies here because the state court decided factual issues which are necessary to resolve the state and federal cases. The state courts also resolved qualified immunity under state law, though state law with respect to qualified immunity is somewhat different from federal law. Regardless, Plaintiffs are precluded from relitigating the same factual issues that resolve the § 1983 claim here and that, as a matter of law, impose the doctrine of qualified immunity.

### III.

Plaintiffs seem to argue that these issues have previously been considered by this Court or resolved by the Court of Appeals. This is simply not true. Neither this Court nor the Sixth Circuit have considered the issue of either qualified immunity or the viability of Plaintiffs' remaining Fourth and Fourteenth Amendment claim. Subsequent to the appeal and prior to its resolution, the state courts resolved factual issues quite material to both. This Court has a duty to assess those findings upon subsequent proceedings pursuant to the doctrine of issue preclusion.

The state courts' findings address the veracity of Sapp's affidavit and the evidence supporting the probable cause ruling. The Kentucky courts affirmatively held that Sapp's affidavit

was not "falsified" and that the shaken baby allegation did not materially dictate the finding of probable cause. As such, Plaintiffs cannot prove the requisites to maintain a § 1983 action in these circumstances: that the defendant stated a deliberate falsehood or showed a reckless disregard for the truth or that the misrepresented information was material to the finding of probable cause. These factual conclusions require dismissal of Plaintiffs' claims due to the absence of a constitutional claim and the presence of qualified immunity.

The factual and legal issues which the Court decides today are different than those addressed by this Court three years ago and different than those the Sixth Circuit recently addressed. Three years ago, the question of whether Sapp fabricated evidence or was untruthful was left unresolved. Three years later, fact finders and courts have resolved that factual inquiry. Those findings have legally preclusive consequence in the ongoing matter. The Court's decision today results from determining and applying those consequences.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiffs' remaining claims are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:     Counsel of Record